**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JANE DOE A.F.**, | **CIVIL ACTION** |
| Plaintiff, | |
| *v.* | **NO. 23-3990-KSM** |
| **LYFT, INC., et al.,** | |
| Defendants. | |

**MEMORANDUM**

**MARSTON, J.**                                                      **December 15, 2023**

The instant action was brought by Plaintiff under the pseudonym "Jane Doe A.F." against

the rideshare company Lyft Inc. and its former driver Ntiamoah Brown.  The allegations set forth

in the Complaint are nothing short of horrific.  Doe alleges that on August 12, 2023, while she

was participating in a ride established through Defendant Lyft's rideshare app, Defendant Brown

entered the back seat and sexually assaulted her.  (Doc. No. 17 at ¶¶ 23–38.)  Doe sued both

Brown and Lyft in Pennsylvania state court, and Lyft removed the case to this Court shortly

thereafter.  (Doc. No. 1.)  In her Amended Complaint, Doe brings forth claims for negligence,

gross negligence, vicarious liability, and negligent performance of undertaking to render services

against both Defendants (Counts I–II, IV), negligent misrepresentation and negligent hiring,

training, and supervision against Lyft (Counts III, VII), and assault and battery against Brown

(Counts V–VI).

Following an order from the Court (Doc. No. 6), Doe moved for leave to proceed under

pseudonym in this case.  (Doc. No. 11.)  Lyft informed the Court during a status conference that

it does not oppose this motion[1]; however, because a motion for leave to proceed under

pseudonym intrudes on the public's right of access to judicial proceedings, the Court cannot

grant the motion as unopposed without further analysis.  *See Doe v. Megless*, 654 F.3d 404, 408

(3d Cir. 2011); *see also Doe v. Princeton Univ.*, No. CV 19-7853 (BRM), 2019 WL 5587327, at

*2 (D.N.J. Oct. 30, 2019) ("This Court declined to grant Plaintiff's motion for a protective order

by consent and permitted Plaintiff to submit supplemental briefing addressing certain cases

wherein plaintiffs either elected to proceed without pseudonyms or were denied pseudonym

status.").

      For the reasons set forth below, the Court will grant Doe's motion and allow her to

proceed under the pseudonym "Jane Doe A.F." in this matter.

## I.    LEGAL STANDARD

      Federal Rule of Civil Procedure 10(a) requires a plaintiff to identify the parties by their

real names in the complaint.  Fed. R. Civ. P. 10(a); *see also Megless*, 654 F.3d at 408; *Doe v.

Rutgers*, Civ. No. 2:18-cv-12952-KM-CLW, 2019 WL 1967021, at *1 (D.N.J. Apr. 30, 2019).

"Courts have explained that [Rule 10(a)] illustrates 'the principle that judicial proceedings, civil

as well as criminal, are to be conducted in public.'"  *Megless*, 654 F.3d at 408 (quoting *Doe v.

Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997)).  "Identifying parties to the

proceeding is an important dimension of publicness.  The people have a right to know who is

using their courts."  *Id.* (cleaned up).

      "A plaintiff's use of a pseudonym 'runs afoul of the public's common law right of access

to judicial proceedings.'"  *Id.* at 408 (citation omitted).  However, under exceptional

---

[1] To date, Lyft is the only Defendant to enter an appearance despite Brown having been served with the original Complaint on October 23, 2023 (Doc. No. 16) and the First Amended Complaint on December 2, 2023 (Doc. No. 22).

circumstances, courts have permitted litigants to proceed anonymously, even though there is no

explicit authority for doing so in the Federal Rules. *Id.* "District courts have the discretion to

determine whether the exceptional circumstances warranting anonymity are present." *Doe v.*

*Triangle Doughnuts, LLC*, No. 19-CV-5275, 2020 WL 3425150, at *4 (E.D. Pa. June 23, 2020).

In making this determination, "district courts should balance a plaintiff's interest and fear [of

disclosure] against the public's strong interest in an open litigation process." *Megless*, 654 F.3d

at 408.  In conducting this balancing test, the Third Circuit has directed courts to weigh nine,

non-exhaustive factors, six of which favor anonymity and three of which favor "the traditional

rule of openness." *Id.* at 409–10 (endorsing the nine-factor test first articulated in *Doe v.*

*Provident Life & Acc. Ins. Co.*, 176 F.R.D. 464 (E.D. Pa. 1997)); *see also Doe v. Coll. of N.J.*,

997 F.3d 489, 495 (3d Cir. 2021).

> The factors that courts must consider which support the use of a pseudonym include:

>> (1) the extent to which the identity of the litigant has been kept
>> confidential; (2) the bases upon which disclosure is feared or sought
>> to be avoided, and the substantiality of these bases; (3) the
>> magnitude of the public interest in maintaining the confidentiality
>> of the litigant's identity; (4) whether, because of the purely legal
>> nature of the issues presented or otherwise, there is an atypically
>> weak public interest in knowing the litigant's identities; (5) the
>> undesirability of an outcome adverse to the pseudonymous party and
>> attributable to his refusal to pursue the case at the price of being
>> identified; and (6) whether the party seeking to sue pseudonymously
>> has illegitimate ulterior motives.

*Megless*, 654 F.3d at 409 (quoting *Provident Life & Acc. Ins. Co.*, 176 F.R.D. at 467–68).  On

the other hand, the factors that weigh against anonymity include:

>> (1) the universal level of public interest in access to the identities of
>> the litigants; (2) whether, because of the subject matter of this
>> litigation, the status of the litigant as a public figure, or otherwise,
>> there is a particularly strong interest in knowing the litigant's
>> identities, beyond the public's interest which is normally obtained;
>> and (3) whether the opposition to pseudonym by counsel, the public,
>> or the press is illegitimately motivated.

*Id*.  Applying these factors, courts have found pseudonymity appropriate in cases involving

"abortion, birth control, transsexuality, mental illness, welfare rights of illegitimate children,

AIDS, and homosexuality."  *Megless*, 654 F.3d at 408 (quoting *Doe v. Borough of Morrisville*,

130 F.R.D. 612, 614 (E.D. Pa. 1990)); *see also Triangle Doughnuts, LLC*, 2020 WL 3425150, at

*4.  In addition, courts in this Circuit have frequently allowed victims of sexual assault to

proceed under pseudonym.  *See, e.g.*, *Doe v. Evans*, 202 F.R.D. 173, 176 (E.D. Pa. 2001)

(granting motion to proceed under pseudonym where the plaintiff claimed she was sexually

assaulted by the defendant state trooper); *Doe v. Princeton Univ.*, No. CV 20-4352 (BRM), 2020

WL 3962268, at *5 (D.N.J. July 13, 2020) (granting motion to proceed under pseudonym where

the plaintiff was an alleged victim of sexual assault).

## II.      DISCUSSION

The Court begins with the six factors supporting anonymity before turning to the three

factors supporting disclosure.

### A.      Factors that Support the Use of a Pseudonym

#### 1.      <u>Factor 1</u>

First, the Court considers the extent to which Doe's anonymity has been preserved.  This

factor favors plaintiffs "who 'make substantial efforts to maintain anonymity' and '[l]imit

disclosure of sensitive information to few other people.'"  *Rutgers*, 2019 WL 1967021, at *2

(citation omitted).  Doe claims that she has kept her identity "completely confidential" and that

"no one outside this case is aware that Plaintiff is 'Jane Doe A.F.'" (Doc. No. 11-1 at 6.)

Discussions with counsel during a status conference revealed that this may be a slight

overstatement.  Nevertheless, it appears that at most, Doe has disclosed her role in this matter to

those from whom she sought emotional support and those who needed the information in

connection with this case and a potential criminal investigation.  The former category includes

Doe's family and therapist whereas the latter includes police, the district attorney, and the parties

to this lawsuit.[2]  Further, it appears that Doe's identity is not in the public record.  There is no

indication that Doe has spoken with the media regarding her involvement in this case and while

Doe's counsel suggested that a police report was filed regarding the alleged assault, her name

was never made public in connection with any criminal investigation.  This limited disclosure

coupled with Doe's efforts to avoid public revelation favor granting her motion.  *See Princeton*

*Univ.*, 2020 WL 3962268, at *3 (finding that the first factor supported granting the plaintiff's

motion where he avoided media attention and only disclosed the matter to "immediate family

and friends, the relevant identified witnesses, the adviser provided by Princeton, and his legal

counsel"); *Doe v. Trishul Consultancy, LLC*, 2019 WL 4750078, at *4 (D.N.J. Sept. 30, 2019)

(finding the first factor weighed in favor of anonymity in a case involving sexual assault because

"the only people aware of Plaintiff's identity are parties to this litigation" and the plaintiff had

not "willfully spoken with members of the media" about the assault or the case).

### 2.     Factor 2

Second, we consider Doe's reasons for seeking anonymity and whether those reasons are

reasonable and substantial.  To proceed anonymously, a plaintiff must demonstrate "'both

(1) fear of severe harm, and (2) that the fear of severe harm is reasonable.'"  *Megless*, 654 F.3d

at 408 (citation omitted).  A plaintiff's fear that she may suffer embarrassment or economic harm

does not suffice.  *Id.*  Here, Doe argues that as a victim of sexual assault, revealing her identity

would "undoubtedly cause further emotional trauma and humiliation by permanently connecting

her to the details of the horrific sexually violent assault she endured."  (Doc. No. 11-1 at 6.)  She

---

[2] Doe has made Lyft aware of her identity and intends to make Brown aware once he has entered an
appearance. (Doc. 11-1 at 1.)

further argues that associating her name with the sexual assault invites "unwanted attention, questions, ridicule, retaliation, [sic] stigma and potential harassment." (*Id.* at 7.)  As other courts have recognized, the fear of stigmatization and harassment for sexual assault victims is legitimate and goes beyond mere embarrassment.  *See Evans*, 202 F.R.D. at 176 ("[W]e find that plaintiff's fear of increased embarrassment, humiliation, and emotional distress should her friends and business associates learn of [the assault] is well-founded."); *Doe v. Schuylkill Cnty. Courthouse*, No. 3:21-CV-477, 2022 WL 1424983, at *8 (M.D. Pa. May 5, 2022) (finding that the second factor weighed in favor of anonymity where the plaintiffs were victims of sexual assault because if they were required to reveal their identity "to their friends, families, and communities, they may be stigmatized in both their personal and professional lives, and they will experience increased and ongoing embarrassment and humiliation"); *Trishul Consultancy, LLC*, 2019 WL 4750078, at *4 (holding that the plaintiff's "fear of *increased* embarrassment, humiliation, and emotional distress should her friends and business associates learn of these events" was well-founded and exceeded "mere embarrassment") (emphasis in original).  This concern is particularly acute here given Doe's detailed allegations of sexual assault while using a well-known rideshare app.  Since Doe has a well-founded concern that revealing her name would exacerbate her emotional trauma and lead to stigmatization, the Court finds that the second factor weighs in favor of granting her motion.

### 3. Factor 3

The third factor requires this Court to identify "the magnitude of the public interest in maintaining the confidentiality of the litigant's identity." *Megless*, 654 F.3d at 409.  The central inquiry is: "if this litigant is forced to reveal [] her name, will other similarly situated litigants be deterred from litigating claims that the public would like to have litigated?" *Megless*, 654 F.3d at 410.  As Doe argues and numerous other courts have recognized, "the public has a vested

interest 'in protecting the identities of sexual assault victims so that other victims will feel more comfortable suing to vindicate their rights.'" (Doc. No. 11-1 at 8 (quoting *Evans*, 202 F.R.D. at 176)); *see also Rutgers*, 2019 WL 1967021, at *3 ("There is a recognized public interest in ensuring that victims of sexual assault can vindicate their claims and that the fear of public humiliation does not discourage these plaintiffs."); *Schuylkill Cnty. Courthouse*, 2022 WL 1424983, at *9 ("There is also a recognized public interest in protecting the identities of sexual assault victims."); *K.W. v. Holtzapple,* 299 F.R.D. 438, 442 (M.D. Pa. 2014) ("[T]he public has a compelling need to protect identities to promote disclosure by [sexual assault] victims."). Since there is a strong public interest in incentivizing sexual assault victims to "litigate their claims without threat of revictimization," *Trishul Consultancy*, 2019 WL 4750078, at *5, the Court finds that this factor weighs in favor of anonymity.

### 4.      Factor 4

Next, we consider whether Doe's claims are purely legal in nature, such that there is an "atypically weak public interest in knowing the litigant's identities." *Megless*, 654 F.3d at 409 (quoting *Provident Life & Acc. Ins. Co.*, 176 F.R.D. at 467–68). This is not a case that will turn solely on issues of law. To the contrary, there are significant factual questions regarding Doe's alleged assault and Lyft's policies and procedures. *See Princeton Univ.*, 2020 WL 3962268 at *4 ("The Court is not faced with a purely legal question like in *Hoffman*, and, therefore, this factor does not weigh in favor of Plaintiff's request to proceed under a pseudonym."); *K.B. v. Conrad Weiser Area Sch. Dist.*, No. 5:21-CV-04292-JMG, 2022 WL 206176, at *3 (E.D. Pa. Jan. 24, 2022) (finding that the fourth factor weighed against anonymity where claims were fact-dependent). Nevertheless, because the Court agrees with Doe that her actual identity is not critical to the resolution of many of these factual questions (Doc. No. 11-1 at 8), it finds that this factor weighs only slightly against granting her motion. *See Rutgers*, 2019 WL 1967021, at *3

("The public disclosure of a plaintiff's name is not critical if the plaintiff's claims do not depend on his or her individual identity.").

### 5.    Factor 5

The fifth factor concerns whether Doe will refuse to pursue this litigation if she is required to publicly identify herself.  While Doe is correct that it is "highly undesirable for victims to abandon valid claims out of privacy concerns," (Doc. No. 11-1 at 9), she stops short of asserting that *she* would withdraw her claims if she were not able to proceed anonymously. Instead, she states only that denial of her motion "may deter" her from pursuing these claims. (*Id*.)  Because Doe has not given a clear answer on this issue, the Court finds this factor to be neutral.

### 6.    Factor 6

Finally, the Court has no reason to believe that Doe has illegitimate or ulterior motives in proceeding anonymously and no one has suggested as much.  Thus, the sixth factor weighs in favor of granting her motion.

### B.    Factors that Support Disclosure

We now turn to the second grouping of factors—those that generally weigh against allowing plaintiffs to use pseudonyms in judicial proceedings.

### 1.    Factor 1

The first factor concerns the degree of public interest in the plaintiff's identity.  The Third Circuit has "acknowledge[d] the thumb on the scale that is the universal interest in favor of open judicial proceedings." *Megless*, 654 F.3d at 411; *see also Coll. of N.J.*, 997 F.3d at 496 ("As we have noted, the public's interest in open judicial proceedings always runs counter to a litigant's interest in anonymity—the question is whether the interest in anonymity outweighs the public's interest.").  Accordingly, this factor weighs against anonymity.

**2.** **Factor 2**

Next, we consider whether the subject of the instant litigation heightens the public's interest in Doe's identity.  Doe is not a public figure, and while her allegations against one of the most popular rideshare companies may be particularly noteworthy to members of public who frequently turn to Lyft to provide them with a safe ride, the inquiry under *Megless* is whether the subject matter would create a "particularly strong interest in knowing the *litigant's identities*." 654 F.3d at 409 (emphasis added).  Here, the Court believes that it is the nature of the allegations and Lyft's policies that would be of interest to the public, not Doe's individual identity.  The Court thus finds that permitting public access to the proceedings without identifying Doe strikes the appropriate balance between the public's interest in this case and Doe's desire to litigate a highly sensitive and personal matter without the stigmatization associated with publicly identifying herself.  *Rutgers*, 2019 WL 1967021, at *4 (finding that "[a]llowing Plaintiff to proceed as Jane Doe while preserving the public's right to access the docket and proceedings in this case strikes the appropriate balance" between the interest in protecting a member of a "particularly vulnerable class" and the "intense public interest" in the subject matter of the litigation).  This factor is therefore neutral.

**3.** **Factor 3**

Last, we note that Lyft, which is the only Defendant to enter an appearance in this case, does not oppose Doe's use of a pseudonym.  Accordingly, this factor is neutral.

**C.** **Balancing Test**

Taken together, four factors weigh in favor of permitting Doe to use a pseudonym:  Doe's maintenance of anonymity, her reasonable fears of stigmatization and reputational harm, the potential deterrence of other victims bringing similar suits, and Doe's lack of ulterior motives. Two factors support disclosure of her identity:  the factual nature of her claims and the public's

9

interest in open judicial proceedings.  The remaining three factors are neutral: whether Doe would proceed even if her motion were denied, the particularly strong public interest in knowing Doe's identity, and whether Lyft's motives are illegitimate.  On balance, the Court finds that Doe has overcome the strong presumption in favor of requiring parties to publicly identify themselves.  Her motion is thus granted.

### III.     CONCLUSION

Doe's motion for leave to proceed under pseudonym is granted.  An appropriate order follows.