IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JANE DOE A.F.**, <br><br> Plaintiff, <br><br> v. <br><br> **LYFT, INC.**, <br><br> Defendant. | **CIVIL ACTION** <br><br> **NO. 23-3990-KSM** |

## ORDER

**AND NOW**, this 9th day of October, 2024, upon consideration of Defendant Lyft's renewed motion for leave to file under seal its opposition to Plaintiff Jane Doe's motion to compel (Doc. No. 83), it is **ORDERED** that Lyft's motion to seal is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. As to Lyft's proposed redactions in Categories 1–3 and 7–8, (Doc. No. 83-2), the motion is **GRANTED** for the reasons set forth in the Memorandum.

2. As to Lyft's proposed redactions in Category 4, the motion is **GRANTED**, with the exception of the redactions to the name of Lyft's monitoring system, "shared device fingerprint" or "device fingerprint."

3. As to Lyft's proposed redactions in Category 5, the motion is **GRANTED**, with the exception of the redaction to "60 days" in Plaintiff's publicly filed motion to compel.[1]

---

[1] The parties have not renewed their motion to seek leave to seal Plaintiff's motion to compel or to allow the current redactions in Plaintiff's publicly filed motion to compel.  *See* (Doc. Nos. 67-1 and 70.)  The parties must file a renewed motion no later than **October 18, 2024**, if they wish to keep this information redacted and under seal and explain why redactions and selaing are warranted under the standard outlined by the Third Circuit in *In re Avandia Marketing, Sales Practices & Products Liability Litigation*, 924 F.3d 662 (3d Cir. 2019).  The Clerk's Office is directed to keep these documents sealed until further order from the Court.

4.  As to Lyft's proposed redactions in Category 6, the motion is **GRANTED**, with the exception of the redactions to "Compass workflow" as well as the term "workflow."

**IT IS SO ORDERED.**

*/s/ Karen Spencer Marston*
KAREN SPENCER MARSTON, J.