### IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **JANE DOE A.F., a pseudonym,** | |
| **Plaintiff,** | |
| **v.** | **Civ. No: 2:23-cv-03990-KSM** |
| **LYFT, INC.,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

### DEFENDANT LYFT, INC.'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendant Lyft, Inc. ("Lyft") answers the Second Amended Complaint (the "Complaint") of Plaintiff Jane Doe A.F. (ECF 85) as follows.

1.      Admitted in part; denied in part. Lyft admits only that Plaintiff filed this lawsuit alleging that she was sexually assaulted while she was a passenger in a ride that was requested through the Lyft application, website and technology platform (the "Lyft Platform" or the "platform"). The remaining allegations in Paragraph 1 constitute legal conclusions that do not require a response. To the extent a response is deemed required, the allegations are denied.

2.      The allegations in Paragraph 2 constitute legal conclusions that do not require a response. To the extent a response is deemed required, Lyft admits only that Lyft takes the safety of all users of the Lyft platform – including riders and drivers – seriously; any remaining allegations or characterizations from Plaintiff in Paragraph 2 are denied.

3.      The allegations in Paragraph 3 constitute legal conclusions that do not require a response. To the extent a response is deemed required, the allegations are denied. By way of further response, Lyft does not hire, control, or employ drivers. Rather, drivers are independent contractors who use the Lyft platform to connect with other platform users looking for a ride pursuant to Lyft's Terms of Service.

1

4.      The allegations of Paragraph 4 constitute legal conclusions that do not require a response. To the extent a response is deemed required, the allegations are denied.

5.      The allegations of Paragraph 5 constitute legal conclusions that do not require a response. To the extent a response is deemed required, the allegations are denied.

6.      Admitted in part; denied in part. Lyft admits only that Plaintiff Jane Doe A.F. is an adult female who alleges that she was sexually assaulted while she was a passenger in a ride requested through the Lyft platform on August 12, 2021. Any remaining allegations are denied. By way of further response, Lyft does not hire, control, or employ drivers.

7.      The allegations in Paragraph 7 do not require a response. To the extent a response is deemed required, Lyft admits that Plaintiff is proceeding under her "Jane Doe A.F." pseudonym in this action.

8.      Lyft admits only that Lyft is licensed to do business in Pennsylvania. By way of further response, Lyft is a Delaware corporation with its principal place of business in California.

9.      Lyft admits only that it is a Transportation Network Company, as defined under Pennsylvania law. Lyft further admits only that it is a Delaware corporation with its principal place of business in California.

10.     Lyft admits only that Plaintiff filed this lawsuit alleging that she was sexually assaulted while she was a passenger in a ride that was requested through the Lyft platform using Plaintiff's account. The remaining allegations in Paragraph 10 constitute legal conclusions that do not require a response. To the extent a response is deemed required, the allegations are denied. By way of further response, Lyft does not hire, control, or employ drivers.

11.     The allegations in Paragraph 11 constitute legal conclusions to which no response is required. To the extent a response is deemed required, Lyft admits only that Plaintiff alleges she

was sexually assaulted while she was a passenger in a ride that was requested through the Lyft platform, and which allegedly occurred at a location in Philadelphia, Pennsylvania.

12.     The allegations in Paragraph 12 constitute legal conclusions to which no response is required.

13.     The allegations in Paragraph 13 constitute legal conclusions to which no response is required.

14.     Admitted in part; denied in part. Lyft admits only that, at approximately 1:03 a.m.[1] on August 12, 2021, a ride was requested through Plaintiff's Lyft account. Lyft further admits only that, at approximately 1:11 a.m. on August 12, 2021, the account of Brown Ntiamoah accepted that ride request (hereinafter, the "Subject Ride"). Any remaining allegations are denied.

15.     Lyft admits only that the pickup location for the Subject Ride was 3900 Chestnut Street, Philadelphia, PA 19104, and that the account of Brown Ntiamoah accepted that ride request for the Subject Ride. Any remaining allegations are denied.[2]

26.     Lyft lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 26, and therefore denies them. By way of further response, Lyft does not hire, control, or employ drivers.

27.     Lyft lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 27, and therefore denies them.

---

[1] Unless otherwise specifically noted, all times stated in Lyft's Answer refer to Eastern Standard Time (EST).

[2] Confusingly, Paragraph 15 of Plaintiff's Complaint is followed by Paragraph 26 (*i.e.* rather than paragraph 16). Indeed, Paragraphs 16 – 25 do not appear anywhere in the Complaint. For ease of reference, Lyft responds using the same numbering of paragraphs as they appear in the Complaint.

28.    Lyft lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 28, and therefore denies them. By way of further response, Lyft does not hire, control, or employ drivers.

29.    The allegations of Paragraph 29 constitute legal conclusions that do not require a response. To the extent a response is deemed required, the allegations are denied.

30.    Admitted in part; denied in part. Lyft admits only that a Lyft platform user named Brown Ntiamoah: (a) first created a user account with Lyft on March 27, 2018 and at that time agreed to Lyft's Terms of Service; (b) was first approved to drive using the Lyft platform on November 19, 2020; and (c) was permanently deactivated from the Lyft platform on August 12, 2021. Lyft further admits only that a Lyft platform user named Shariff Abdallah: (a) first created a user account with Lyft on November 4, 2018 and at that time agreed to Lyft's Terms of Service; (b) was first approved to drive using the Lyft platform on December 15, 2021; and (c) was permanently deactivated from the Lyft platform on August 16, 2022. Lyft's records reflecting the phone numbers associated with the respective Lyft accounts of Brown Ntiamoah and Shariff Abdallah are in writing and speak for themselves; Lyft denies any characterizations from Plaintiff inconsistent therewith. Lyft further admits only that, on July 22, 2020 (prior to the time he first became approved to drive using the Lyft platform), Shariff Abdallah did not pass a DMV driving history check because he did not have his driver's license for at least one year as required by Pennsylvania's TNC laws (later, when he was first approved to drive using the Lyft platform, Shariff Abdallah met that requirement). Any remaining allegations in Paragraph 30 are denied.

31.    Denied.

32.    Lyft lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 32, and therefore denies them.

33.    Lyft lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 33, and therefore denies them.

34.    Lyft admits only that, once a ride request is accepted, the Lyft application would display the first name and photograph of the driver from the account of the driver who accepted the ride request, along with the make/model and license plate of the vehicle associated with the driver's account. Lyft lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 34, and therefore denies them.

35.    Lyft admits only that the account of Brown Ntiamoah accepted the request for the Subject Ride. Lyft lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 35, and therefore denies them.

36.    Lyft admits only that, according to Lyft's records, the driver arrived at or around the waypoint first destination of the Subject Ride (specifically, 513 North 52nd Street, Philadelphia, PA) at approximately 1:23 a.m. on August 12, 2021. Lyft lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 36, and therefore denies them. By way of further response, Lyft does not hire, control, or employ drivers.

37.    The allegations of Paragraph 37 constitute legal conclusions that do not require a response. To the extent a response is deemed required, the allegations are denied. By way of further response, Lyft does not hire, control, or employ drivers.

38.    Lyft lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 38, and therefore denies them.

39.    Lyft lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 39, and therefore denies them.

40.     Lyft lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 40, and therefore denies them.

41.     Lyft lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 41, and therefore denies them.

42.     Lyft lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 42, and therefore denies them.

43.     Lyft lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 43, and therefore denies them.

44.     Lyft lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 44, and therefore denies them.

45.     Lyft admits only that, based on information and belief, Plaintiff was 20 years old as of August 12, 2021. Lyft lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 45, and therefore denies them. By way of further response, Lyft does not hire, control, or employ drivers.

46.     Lyft lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 46, and therefore denies them. By way of further response, Lyft does not hire, control, or employ drivers.

47.     Lyft lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 47, and therefore denies them.

48.     Lyft lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 48, and therefore denies them.

49.     Lyft lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 49, and therefore denies them.

50.    Lyft admits only that Plaintiff first reported an alleged incident to Lyft via Lyft's in-App messaging at approximately 7:40 a.m. on August 12, 2021 concerning the Subject Ride. Any remaining allegations are denied.

51.    Lyft admits only that Lyft promptly responded to Plaintiff's report via Lyft's in-App messaging and escalated her report to the appropriate team – asking if Plaintiff preferred to be contacted by Lyft via phone or email. Any remaining allegations are denied.

52.    Lyft admits only that Plaintiff responded to Lyft that she preferred to be contacted by Lyft by phone. Any remaining allegations are denied.

53.    Admitted in part; denied in part. Lyft admits only that Lyft employee Corey Carter spoke with Plaintiff on the phone on August 12, 2021. Lyft denies that Plaintiff reported an alleged rape to Lyft (indeed, Plaintiff testified at her deposition that she never reported an alleged rape to Lyft at any time prior to instituting this lawsuit). Lyft denies that Plaintiff "described the horrific encounter with her Lyft driver" insofar as that vague allegation is intended to imply that Plaintiff reported an alleged rape to Lyft; Corey Carter's contemporaneous written notes of his August 12, 2021 call with Plaintiff are in writing, and Lyft denies any characterizations by Plaintiff inconsistent therewith. By way of further response, at no time prior to instituting this lawsuit did Plaintiff ever advise Lyft that she believed someone other than Brown Ntiamoah was the person who picked her up and assaulted her during the Subject Ride. By way of further response, Lyft does not hire, control, or employ drivers. Any remaining allegations are denied.

54.    Denied as stated. Corey Carter's contemporaneous written notes of his August 12, 2021 call with Plaintiff and Corey Carter's August 12, 2021 email to Plaintiff sent shortly after that call are in writing and speak for themselves; Lyft denies any characterizations by Plaintiff inconsistent therewith. Any remaining allegations are denied.

55.    The allegations of Paragraph 55 constitute legal conclusions that do not require a response. To the extent a response is deemed required, the allegations are denied.

56.    The allegations of Paragraph 56 constitute legal conclusions that do not require a response. To the extent a response is deemed required, the allegations are denied. By way of further response, Lyft does not hire, control, or employ drivers. Rather, drivers are independent contractors who use the Lyft platform to connect with other platform users looking for a ride pursuant to Lyft's Terms of Service. Lyft is not a "common carrier" and is not held to a common carrier's "highest degree of care" under Pennsylvania law. (*See* ECF 77, Court's Memorandum Opinion of July 19, 2024, at 10 n.10) (citing 66 Pa. C.S. § 102 and 66 Pa. C.S. § 2603(b)(4)).

57.    Lyft admits only that the audio of calls between Lyft and users of the Lyft platform – including, without limitation, Plaintiff – would have automatically been recorded and retained for a period of time consistent with the retention period for audio in place at that time. Any remaining allegations are denied.

58.    Lyft admits only that the audio of calls between Lyft and users of the Lyft platform – including, without limitation, Plaintiff – would have automatically been recorded and retained for a period of time consistent with the retention period for audio in place at that time. Any remaining allegations are denied.

59.    Lyft admits only that, on August 12, 2021, once Plaintiff reported the alleged incident to Lyft, Lyft's practice would have been to call the phone number associated with the account of Brown Ntiamoah at that time. Lyft further admits only that calls between Lyft and users of the Lyft platform would have automatically been recorded and retained for a period of time consistent with the retention period for audio in place at that time. Lyft lacks knowledge or

information sufficient to form a belief as to the remaining allegations of Paragraph 59, and therefore denies them.

60.    Lyft admits only that, on August 12, 2021, once Plaintiff reported the alleged incident to Lyft, Lyft's practice would have been to call the phone number associated with the account of Brown Ntiamoah at that time. Lyft further admits only that calls between Lyft and users of the Lyft platform would have automatically been recorded and retained for a period of time consistent with the retention period for audio in place at that time. Lyft lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 60, and therefore denies them.

61.    Lyft admits only that the audio of calls between Lyft and users of the Lyft platform would have automatically been recorded and retained for a period of time consistent with the retention period for audio in place at that time. Any remaining allegations are denied.

62.    Denied.

63.    Admitted in part; denied in part. Lyft admits only that Lyft permanently deactivated Brown Ntiamoah's account on August 12, 2021 – the same day Plaintiff reported the alleged incident to Lyft. Lyft denies that it deactivated Brown Ntiamoah's account "in the days following the August 12, 2021 sexual assault" as his account was deactivated on August 12, 2021.

64.    Lyft lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 64, and therefore denies them.

65.    Denied.

66.    Denied.

67.    Denied.

68.     Denied as stated. At no time prior to instituting this lawsuit did Plaintiff ever advise Lyft that she believed someone other than Brown Ntiamoah was the person who picked her up and assaulted her during the Subject Ride (indeed, Plaintiff has already testified to that). Further, Plaintiff first reported the incident to the Philadelphia Police Department on November 21, 2022 – over 15 months after the August 12, 2021 alleged incident date. Lyft responded promptly to the search warrant that the Philadelphia Police Department issued to Lyft in December 2022. Any remaining allegations are denied.

69.     Lyft admits only that a Lyft platform user named Shariff Abdallah: (a) first created a user account with Lyft on November 4, 2018 and at that time agreed to Lyft's Terms of Service; (b) was first approved to drive using the Lyft platform on December 15, 2021; and (c) was permanently deactivated from the Lyft platform on August 16, 2022. Lyft's records reflecting the phone numbers associated with the respective Lyft accounts of Brown Ntiamoah and Shariff Abdallah are in writing and speak for themselves; Lyft denies any characterizations by Plaintiff inconsistent therewith. Any remaining allegations in Paragraph 69 are denied.

70.     Lyft admits only that Shariff Abdallah was first approved to drive using the Lyft platform on December 15, 2021 (Shariff Abdallah was never approved to drive using the Lyft platform prior to that time). Any remaining allegations are denied.

71.     Lyft admits only that Lyft permanently deactivated Shariff Abdallah's account on August 16, 2022 in response to an unrelated allegation concerning a ride requested through the Lyft platform that was made against Shariff Abdallah. Lyft's records concerning that other unrelated allegation against Shariff Abdallah are in writing and speak for themselves; Lyft denies any characterizations from Plaintiff inconsistent therewith. Any remaining allegations are denied.

72.     The allegations of Paragraph 72 constitute legal conclusions that do not require a response. To the extent a response is deemed required, the allegations are denied. By way of further response, Lyft does not hire, control, or employ drivers.

73.     The allegations of Paragraph 73 constitute legal conclusions that do not require a response. To the extent a response is deemed required, the allegations are denied.

74.     Lyft lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 74, and therefore denies them.

75.     Admitted in part; denied in part. Lyft admits only that the phone number associated with Brown Ntiamoah's Lyft account when it was created on March 27, 2018 was 347-***-6135. Lyft lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 75, and therefore denies them.

76.     Lyft lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 76, and therefore denies them.

77.     Lyft lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 77, and therefore denies them.

78.     Lyft lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 78, and therefore denies them.

79.     Lyft lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 79, and therefore denies them.

80.     Lyft lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 80, and therefore denies them.

81.     Admitted in part; denied in part. Lyft admits only that, in 2020, information and documents for Brown Ntiamoah were submitted to Lyft in connection with Brown Ntiamoah

seeking to become approved to drive using the Lyft platform (Brown Ntiamoah was first approved to drive using the Lyft platform on November 19, 2020). Any remaining allegations are denied. By way of further response, Lyft does not hire, control, or employ drivers.

82.     The allegations of Paragraph 82 constitute legal conclusions that do not require a response. To the extent a response is deemed required, New York's TNC and TLC requirements, and any other requirements of New York law, are in writing and speak for themselves, and Lyft denies any characterizations from Plaintiff inconsistent therewith.

83.     The allegations of Paragraph 83 constitute legal conclusions that do not require a response. To the extent a response is deemed required, New York's TNC and TLC requirements, and any other requirements of New York law, are in writing and speak for themselves, and Lyft denies any characterizations from Plaintiff inconsistent therewith. Any remaining allegations are denied.

84.     Lyft lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 84, and therefore denies them.

85.     Denied. By way of further response, Shariff Abdallah first applied to drive using the Lyft platform on May 14, 2020. Shariff Abdallah: (a) first created a user account with Lyft on November 4, 2018 and at that time agreed to Lyft's Terms of Service; (b) was first approved to drive using the Lyft platform on December 15, 2021; and (c) was permanently deactivated from the Lyft platform on August 16, 2022. On July 22, 2020 (prior to the time he first became approved to drive using the Lyft platform), Shariff Abdallah did not pass a DMV driving history check because he did not have his driver's license for at least one year as required by Pennsylvania's TNC laws (later, when he was first approved to drive using the Lyft platform, Shariff Abdallah met that requirement). By way of further response, Lyft does not hire, control, or employ drivers.

86.     Lyft admits only that, when Shariff Abdallah first applied to drive using the Lyft platform on May 14, 2020, the phone number associated with Shariff Abdallah's account at that time was 929-***-6330. Any remaining allegations are denied.

87.     Lyft lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 87, and therefore denies them.

88.     Lyft lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 88, and therefore denies them.

89.     Lyft lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 89, and therefore denies them.

90.     The allegations of Paragraph 90 constitute legal conclusions that do not require a response. To the extent a response is deemed required, the allegations are denied.

91.     The allegations of Paragraph 91 constitute legal conclusions that do not require a response. To the extent a response is deemed required, the allegations are denied.

92.     Lyft lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 92, and therefore denies them.

93.     Lyft admits only that Lyft sent a notification on March 19, 2021 to the number associated with Brown Ntiamoah's account at that time – 347-***-6135. This notification is in writing and speaks for itself and Lyft denies any characterization by Plaintiff inconsistent therewith. By way of further response, Lyft did not receive any communication in response to this notification.

94.     The allegations of Paragraph 94 constitute legal conclusions that do not require a response. To the extent a response is deemed required, the allegations are denied.

95.     The allegations of Paragraph 95 constitute legal conclusions that do not require a response. To the extent a response is deemed required, the allegations are denied.

96.     Lyft lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 96, and therefore denies them.

97.     Lyft lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 97, and therefore denies them.

98.     Lyft lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 98, and therefore denies them.

99.     Lyft lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 99, and therefore denies them.

100.     Lyft lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 100, and therefore denies them.

101.     Lyft lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 101, and therefore denies them.

102.     Lyft lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 102, and therefore denies them.

103.     Lyft lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 103, and therefore denies them.

104.     Lyft lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 104, and therefore denies them.

105.     Lyft admits only that Lyft sent a notification on March 31, 2021 to the number associated with Brown Ntiamoah's account at that time – 347-***-6135. This notification is in writing and speaks for itself and Lyft denies any characterization by Plaintiff inconsistent

therewith. By way of further response, Lyft did not receive any communication in response to this notification.

106.    Lyft lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 106, and therefore denies them.

107.    The allegations of Paragraph 107 constitute legal conclusions that do not require a response. To the extent a response is deemed required, the allegations are denied.

108.    Lyft lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 108, and therefore denies them.

109.    The allegations of Paragraph 109 constitute legal conclusions that do not require a response. To the extent a response is deemed required, the allegations are denied.

110.    The allegations of Paragraph 110 constitute legal conclusions that do not require a response. To the extent a response is deemed required, the allegations are denied.

111.    The allegations of Paragraph 111 constitute legal conclusions that do not require a response. To the extent a response is deemed required, the allegations are denied.

112.    The allegations of Paragraph 112 constitute legal conclusions that do not require a response. To the extent a response is deemed required, the allegations are denied.

113.    The allegations of Paragraph 113 constitute legal conclusions that do not require a response. To the extent a response is deemed required, the allegations are denied.

114.    Lyft admits only that, in Paragraph 114, Plaintiff includes a partial quotation from a document Lyft produced in this action; this document is in writing and Lyft denies any characterization from Plaintiff inconsistent therewith. Any remaining allegations are denied.

115.    Lyft admits only that Lyft did not deactivate Brown Ntiamoah's account in response to the driving safety report referenced in Paragraphs 114 and 115. Lyft further admits

only that Lyft sent an email to the email address associated with Brown Ntiamoah's account in response to and addressing this driving safety complaint. Any remaining allegations are denied.

116.    Lyft admits only that, in Paragraph 116, Plaintiff includes a partial quotation from a document Lyft produced in this action; this document is in writing and Lyft denies any characterization from Plaintiff inconsistent therewith. Any remaining allegations are denied.

117.    Lyft admits only that Lyft did not deactivate Brown Ntiamoah's account in response to the driving safety report referenced in Paragraphs 116 and 117. Lyft further admits only that Lyft sent an email to the email address associated with Brown Ntiamoah's account in response to and addressing this driving safety complaint. Any remaining allegations are denied.

118.    Lyft admits only that, on June 23, 2021, a request was made to update the phone number associated with Brown Ntiamoah's account from 347-***-6135 to 929-***-6330. Any remaining allegations are denied.

119.    Denied.

120.    Denied.

121.    Denied as stated. Lyft admits only that, on June 23, 2021, a request was made to disable Shariff Abdallah's Lyft account. Any remaining allegations are denied.

122.    Lyft admits only that, on June 23, 2021, a request was made to update the phone number associated with Brown Ntiamoah's account from 347-***-6135 to 929-***-6330. Any remaining allegations are denied.

123.    Lyft lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 123, and therefore denies them. By way of further response, any records from T-Mobile that Plaintiff subpoenaed in this action from T-Mobile are in writing and speak for themselves; Lyft denies any characterization from Plaintiff inconsistent therewith.

124.    The allegations in Paragraph 124 (including subparagraphs a. – f. thereto) constitute legal conclusions that do not require a response. To the extent a response is deemed required, the allegations are denied.

125.    The allegations of Paragraph 125 constitute legal conclusions that do not require a response. To the extent a response is deemed required, the allegations are denied.

126.    The allegations of Paragraph 126 constitute legal conclusions that do not require a response. To the extent a response is deemed required, the allegations are denied.

127.    The allegations of Paragraph 127 (including subparagraphs a. – f. thereto) constitute legal conclusions that do not require a response. To the extent a response is deemed required, the allegations are denied.

128.    Lyft admits only that, on October 20, 2021, Lyft published its Community Safety Report. Lyft's Community Safety Report is in writing and speaks for itself; Lyft denies any characterizations from Plaintiff inconsistent therewith. Any remaining allegations are denied.

129.    Lyft's Community Safety Report is in writing and speaks for itself; Lyft denies any characterizations from Plaintiff inconsistent therewith. Any remaining allegations are denied.

130.    Lyft's Community Safety Report is in writing and speaks for itself; Lyft denies any characterizations from Plaintiff inconsistent therewith. Any remaining allegations are denied.

131.    Lyft's Community Safety Report is in writing and speaks for itself; Lyft denies any characterizations from Plaintiff inconsistent therewith. Any remaining allegations are denied.

132.    Lyft's Community Safety Report is in writing and speaks for itself; Lyft denies any characterizations from Plaintiff inconsistent therewith. Any remaining allegations are denied.

133.    Lyft's Community Safety Report is in writing and speaks for itself; Lyft denies any characterizations from Plaintiff inconsistent therewith. Any remaining allegations are denied.

134.    Lyft admits only that, on October 20, 2021, Lyft published its Community Safety Report. Lyft's Community Safety Report is in writing and speaks for itself; Lyft denies any characterizations from Plaintiff inconsistent therewith. Any remaining allegations are denied.

135.    The complaint in the civil action referenced in Paragraph 135 is in writing and speaks for itself; Lyft denies any characterizations from Plaintiff inconsistent therewith. Any remaining allegations are denied.

136.    The complaint in the civil action referenced in Paragraph 136 is in writing and speaks for itself; Lyft denies any characterizations from Plaintiff inconsistent therewith. Any remaining allegations are denied.

137.    Denied as stated. By way of further response, Lyft does not hire, control, or employ drivers.

138.    Lyft admits only that, as a Transportation Network Company, Lyft does not require dashcams in vehicles driven using the Lyft platform, consistent with the TNC laws of Pennsylvania. Any remaining allegations are denied.

139.    Denied as stated. The audio of calls between Lyft and users of the Lyft platform would have automatically been recorded and retained for a period of time consistent with the retention period for audio in place at the time of the August 12, 2021 incident. Any remaining allegations are denied.

140.    Denied as stated. The audio of calls between Lyft and users of the Lyft platform would have automatically been recorded and retained for a period of time consistent with the retention period for audio in place at the time of the August 12, 2021 incident. Any remaining allegations are denied.

141.    The allegations of Paragraph 141 constitute legal conclusions that do not require a response. To the extent a response is deemed required, the allegations are denied.

142.    The news article referenced in Paragraph 142 is in writing and speaks for itself; Lyft denies any characterizations from Plaintiff inconsistent therewith. Any remaining allegations are denied.

143.    The news article referenced in Paragraph 143 is in writing and speaks for itself; Lyft denies any characterizations from Plaintiff inconsistent therewith. Any remaining allegations are denied.

144.    The news article referenced in Paragraph 144 is in writing and speaks for itself; Lyft denies any characterizations from Plaintiff inconsistent therewith. Any remaining allegations are denied.

145.    The news article referenced in Paragraph 145 is in writing and speaks for itself; Lyft denies any characterizations from Plaintiff inconsistent therewith. Any remaining allegations are denied.

146.    The news article referenced in Paragraph 146 is in writing and speaks for itself; Lyft denies any characterizations from Plaintiff inconsistent therewith. Any remaining allegations are denied.

147.    The allegations of Paragraph 147 constitute legal conclusions that do not require a response. To the extent a response is deemed required, the allegations are denied.

148.    The allegations of Paragraph 148 constitute legal conclusions that do not require a response. To the extent a response is deemed required, the allegations are denied.

149.    The allegations of Paragraph 149 (including subparagraphs a. – c. thereto) constitute legal conclusions that do not require a response. To the extent a response is deemed required, the allegations are denied.

150.    The allegations of Paragraph 150 constitute legal conclusions that do not require a response. To the extent a response is deemed required, the allegations are denied.

151.    The allegations of Paragraph 151 constitute legal conclusions that do not require a response. To the extent a response is deemed required, the allegations are denied. By way of further response, Lyft does not hire, control, or employ drivers.

152.    The allegations of Paragraph 152 constitute legal conclusions that do not require a response. To the extent a response is deemed required, the allegations are denied. By way of further response, Lyft does not hire, control, or employ drivers.

153.    The allegations of Paragraph 153 constitute legal conclusions that do not require a response. To the extent a response is deemed required, the allegations are denied.

154.    The allegations of Paragraph 154 constitute legal conclusions that do not require a response. To the extent a response is deemed required, the allegations are denied.

155.    The allegations of Paragraph 155 constitute legal conclusions that do not require a response. To the extent a response is deemed required, the allegations are denied.

156.    The allegations of Paragraph 156 constitute legal conclusions that do not require a response. To the extent a response is deemed required, the allegations are denied.

157.    The allegations of Paragraph 157 constitute legal conclusions that do not require a response. To the extent a response is deemed required, the allegations are denied.

158.    The allegations of Paragraph 158 constitute legal conclusions that do not require a response. To the extent a response is deemed required, the allegations are denied.

159.    The allegations of Paragraph 159 constitute legal conclusions that do not require a response. To the extent a response is deemed required, the allegations are denied.

160.    The allegations of Paragraph 160 constitute legal conclusions that do not require a response. To the extent a response is deemed required, the allegations are denied.

161.    The allegations of Paragraph 161 (including subparagraphs a. – j. thereto) constitute legal conclusions that do not require a response. To the extent a response is deemed required, the allegations are denied.

162.    The allegations of Paragraph 162 constitute legal conclusions that do not require a response. To the extent a response is deemed required, the allegations are denied. By way of further response, Lyft does not hire, control, or employ drivers. Rather, drivers are independent contractors who use the Lyft platform to connect with other platform users looking for a ride pursuant to Lyft's Terms of Service.

<u>**COUNT I**</u>
**NEGLIGENCE AND GROSS NEGLIGENCE**
<u>**Plaintiff v. Defendant Lyft**</u>

163.    Lyft hereby incorporates its responses to all paragraphs above as though the same were fully set forth at length herein.

164.    The allegations of Paragraph 164 constitute legal conclusions that do not require a response. To the extent a response is deemed required, the allegations are denied. By way of further response, Lyft does not hire, control, or employ drivers. Rather, drivers are independent contractors who use the Lyft platform to connect with other platform users looking for a ride pursuant to Lyft's Terms of Service.

165.    The allegations of Paragraph 165 constitute legal conclusions that do not require a response. To the extent a response is deemed required, the allegations are denied.

166.    The allegations of Paragraph 166 constitute legal conclusions that do not require a response. To the extent a response is deemed required, the allegations are denied.

167.    The allegations of Paragraph 167 constitute legal conclusions that do not require a response. To the extent a response is deemed required, the allegations are denied.

168.    The allegations of Paragraph 168 (including subparagraphs (a) – (dd) thereto) constitute legal conclusions that do not require a response. To the extent a response is deemed required, the allegations are denied. By way of further response, Lyft does not hire, control, or employ drivers. Rather, drivers are independent contractors who use the Lyft platform to connect with other platform users looking for a ride pursuant to Lyft's Terms of Service.

169.    The allegations of Paragraph 169 constitute legal conclusions that do not require a response. To the extent a response is deemed required, the allegations are denied. By way of further response, Lyft does not hire, control, or employ drivers. Rather, drivers are independent contractors who use the Lyft platform to connect with other platform users looking for a ride pursuant to Lyft's Terms of Service.

170.    The allegations of Paragraph 170 constitute legal conclusions that do not require a response. To the extent a response is deemed required, the allegations are denied. By way of further response, Lyft does not hire, control, or employ drivers. Rather, drivers are independent contractors who use the Lyft platform to connect with other platform users looking for a ride pursuant to Lyft's Terms of Service.

WHEREFORE, Defendant Lyft respectfully requests that judgment be entered in its favor, and against Plaintiff, and that the Court award Lyft its attorneys' fees, costs, and such other relief as the Court deems appropriate.

**COUNT II**
**STRICT PRODUCTS LIABILITY**
**Plaintiff v. Defendant Lyft**

171.     Lyft hereby incorporates its responses to all paragraphs above as though the same were fully set forth at length herein.

172.     Count II of Plaintiff's Complaint for strict products liability was dismissed pursuant to the Court's October 10, 2024 Memorandum Opinion and Order (ECF 111 and 112). Accordingly, no response is required to the allegations of Count II of Plaintiff's Complaint.  The allegations of Paragraph 172 also constitute legal conclusions that do not require a response. To the extent a response is deemed required, the allegations are denied.

173.     Count II of Plaintiff's Complaint for strict products liability was dismissed pursuant to the Court's October 10, 2024 Memorandum Opinion and Order (ECF 111 and 112). Accordingly, no response is required to the allegations of Count II of Plaintiff's Complaint. The allegations of Paragraph 173 also constitute legal conclusions that do not require a response. To the extent a response is deemed required, the allegations are denied.

174.     Count II of Plaintiff's Complaint for strict products liability was dismissed pursuant to the Court's October 10, 2024 Memorandum Opinion and Order (ECF 111 and 112). Accordingly, no response is required to the allegations of Count II of Plaintiff's Complaint. The allegations of Paragraph 174 also constitute legal conclusions that do not require a response. To the extent a response is deemed required, the allegations are denied.

175.     Count II of Plaintiff's Complaint for strict products liability was dismissed pursuant to the Court's October 10, 2024 Memorandum Opinion and Order (ECF 111 and 112). Accordingly, no response is required to the allegations of Count II of Plaintiff's Complaint. The

allegations of Paragraph 175 also constitute legal conclusions that do not require a response. To the extent a response is deemed required, the allegations are denied.

176.    Count II of Plaintiff's Complaint for strict products liability was dismissed pursuant to the Court's October 10, 2024 Memorandum Opinion and Order (ECF 111 and 112). Accordingly, no response is required to the allegations of Count II of Plaintiff's Complaint. The allegations of Paragraph 176 also constitute legal conclusions that do not require a response. To the extent a response is deemed required, the allegations are denied.

177.    Count II of Plaintiff's Complaint for strict products liability was dismissed pursuant to the Court's October 10, 2024 Memorandum Opinion and Order (ECF 111 and 112). Accordingly, no response is required to the allegations of Count II of Plaintiff's Complaint. The allegations of Paragraph 177 also constitute legal conclusions that do not require a response. To the extent a response is deemed required, the allegations are denied.

178.    Count II of Plaintiff's Complaint for strict products liability was dismissed pursuant to the Court's October 10, 2024 Memorandum Opinion and Order (ECF 111 and 112). Accordingly, no response is required to the allegations of Count II of Plaintiff's Complaint. The allegations of Paragraph 178 also constitute legal conclusions that do not require a response. To the extent a response is deemed required, the allegations are denied.

179.    Count II of Plaintiff's Complaint for strict products liability was dismissed pursuant to the Court's October 10, 2024 Memorandum Opinion and Order (ECF 111 and 112). Accordingly, no response is required to the allegations of Count II of Plaintiff's Complaint. The allegations of Paragraph 179 also constitute legal conclusions that do not require a response. To the extent a response is deemed required, the allegations are denied.

180.    Count II of Plaintiff's Complaint for strict products liability was dismissed pursuant to the Court's October 10, 2024 Memorandum Opinion and Order (ECF 111 and 112). Accordingly, no response is required to the allegations of Count II of Plaintiff's Complaint. The allegations of Paragraph 180 also constitute legal conclusions that do not require a response. To the extent a response is deemed required, the allegations are denied.

181.    Count II of Plaintiff's Complaint for strict products liability was dismissed pursuant to the Court's October 10, 2024 Memorandum Opinion and Order (ECF 111 and 112). Accordingly, no response is required to the allegations of Count II of Plaintiff's Complaint. The allegations of Paragraph 181 also constitute legal conclusions that do not require a response. To the extent a response is deemed required, the allegations are denied.

WHEREFORE, Defendant Lyft respectfully requests that judgment be entered in its favor, and against Plaintiff, and that the Court award Lyft its attorneys' fees, costs, and such other relief as the Court deems appropriate.

## **AFFIRMATIVE DEFENSES**

Lyft sets forth the following to apprise Plaintiff of certain potentially applicable defenses. Lyft reserves the right to modify, amend, or supplement any affirmative defenses asserted and to assert any additional affirmative defenses, and notes discovery in this action remains ongoing. By listing any of the following as affirmative defenses, Lyft does not assume the burden of proving any defense or matter upon which Plaintiff bears the burden of proof under applicable law.

1.    Lyft incorporates by reference its responses above to Plaintiff's Complaint as if set forth at length herein.

2.    Plaintiff's Complaint fails to state a claim upon which relief can be granted.

3.    Plaintiff's claims are barred or limited by Lyft's Terms of Service.

4.      Plaintiff's claims are barred or limited due to the fraudulent and wrongful acts and omissions of Brown Ntiamoah and/or Shariff Abdallah.

5.      Plaintiff's claims are barred or limited due to violations of Lyft's Terms of Service by Brown Ntiamoah and/or Shariff Abdallah.

6.      The acts or omissions of Brown Ntiamoah and/or Shariff Abdallah constitute superseding and/or intervening causes of Plaintiff's alleged injuries or damages.

7.      Plaintiff's claims are barred or limited due to fault and/or comparative negligence of others.

8.      Plaintiff's claims are barred or limited due to fault and/or contributory negligence of Plaintiff.

9.      Lyft asserts its rights to indemnification and/or contribution pursuant to the Uniform Contribution Among Tortfeasors Act, 42 Pa. C.S.A. § 8321, and other applicable law, as well as pursuant to any common law and/or contractual obligations.

10.      Plaintiff's claims are barred or limited because she is not entitled to the damages she seeks, in whole or in part.

11.      Plaintiff's claims are barred or limited due to Plaintiff's failure to mitigate damages.

12.      Plaintiff's claims are barred or limited because she failed to ensure her own safety.

13.      Plaintiff's claims are barred or limited by the doctrine of assumption of the risk.

14.      Plaintiff's claims are barred or limited by the doctrine of laches.

15.      Plaintiff's claims are barred or limited by the doctrine of unclean hands.

16.      Plaintiff's claims are barred or limited by the applicable statute of limitations.

17.     Plaintiff's claims are barred or limited because Lyft complied with all applicable laws, regulations and standards – including without limitation Pennsylvania's Transportation Network Company laws, regulations and standards.

18.     Plaintiff's demand for punitive damages against Lyft is subject to the limitations of the Constitutions of the United States of America and/or the Commonwealth of Pennsylvania.

19.     Plaintiff's claims are barred or limited by the doctrines of waiver and/or estoppel.

20.     Lyft reserves the right to modify, amend and/or supplement its Answer and Affirmative Defenses, including to assert any other defenses that are or may be applicable as they are ascertained through discovery or otherwise in this action, which remains ongoing.

WHEREFORE, Defendant Lyft respectfully requests that judgment be entered in its favor, and against Plaintiff, and that the Court award Lyft its attorneys' fees, costs, and such other relief as this Court deems appropriate.

## **JURY DEMAND**

Lyft demands a jury trial on all issues so triable.

Dated: October 24, 2024

HANGLEY ARONCHICK
SEGAL PUDLIN & SCHILLER

By: */s/ Matthew N. Klebanoff*
Matthew N. Klebanoff
Lily K. Huffman
Marianne E. Bradley
One Logan Square, 27th Floor
Philadelphia, PA 19103-6993
(215) 568-6200
mklebanoff@hangley.com
lhuffman@hangley.com
mbradley@hangley.com

*Attorneys for Defendant Lyft, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I, Matthew N. Klebanoff, certify that on October 24, 2024, I caused the foregoing Defendant Lyft, Inc.'s Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint to be electronically filed with the Court using the CM/ECF system, which will send an automated notification to all counsel of record and make the document available for viewing and downloading.

*/s/ Matthew N. Klebanoff*
Matthew N. Klebanoff
